IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JERMAINE LAYTON CARTER,   :
:
      Plaintiff,   :
:
v.   :   Civ. No. 20-908-CFC
:
MIKE RECORDS,   :
:
      Defendant.   :

---

Jermaine Layton Carter, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 20, 2021
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Jermain Layton Carter, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1) He has also filed an Amended Complaint and a Second Amended Complaint. (D.I. 5, 12) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The following facts are taken from the Complaints and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff complains of a number of physical problems he attributes to a "body device" or an eavesdropping and microwave monitor. (D.I. 1, 5, 12) His physical ailments include drooling, an inability to cut his food properly, a feeling of paralysis, tremors in both hands and feet, a swollen left hand, and an inability to sleep. Plaintiff also alleges that he is "able hear and listen to the people in the background on this monitor making threats to have [him] raped, [his] bones broken, and to have [him] tortured if [he] was to go in the cell with somebody else." (D.I. 5 at 5) The "people" on the monitor told Plaintiff that his spleen is being destroyed and his spinal fluid is "being played around with." (D.I. 12 at 6) Plaintiff believes that he needs an MRI of his brain. He would like to hold Bureau Chief Mike Records "responsible in his office of official capacity so he can change his policy to [Plaintiff] won't be harmed by some use of some body device." (D.I. 1 at 6) Plaintiff seeks injunctive relief for a policy chance so that the use of any body device is safe. (D.I. 1, 5, 12).

### III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

I am dismissing Plaintiff's Complaint. Plaintiff's claims of a "body device" or an eavesdropping and microwave monitor are fantastical and/or delusional claims and insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i) and § 1915A(b)(1). *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (a complaint may be dismissed as lacking a basis in fact if it is premised upon "allegations that are fanciful, 'fantastic,' and 'delusional[.]'"; *Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011). In addition, Plaintiff's belief that he needs an MRI does not state a constitutional violation claim.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The Court finds amendment futile.

An appropriate order will be entered.